## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**REPORTERS COMMITTEE FOR**
**FREEDOM OF THE PRESS**,
1156 15th Street NW, Suite 1020
Washington DC, 20005


Plaintiff,


v.


**UNITED STATES DEPARTMENT OF**
**STATE**
2201 C St., NW
Washington, DC 20520


Defendant.

Civil Action No. _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Reporters Committee for Freedom of the Press ("Reporters Committee",

"RCFP", or "Plaintiff"), by and through its undersigned counsel, hereby alleges as follows:

1.      This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"

or the "Act"), for declaratory, injunctive, and other appropriate relief by Plaintiff against the

United States Department of State ("State Department" or "Defendant").

2.      Defendant has unlawfully withheld agency records requested by Plaintiff pursuant

to the FOIA in March 2019.  Plaintiff is statutorily entitled to the disclosure of these records,

which Defendant is improperly withholding in violation of the Act and in disregard of the strong

interest of the press and the public in obtaining records concerning a press briefing conducted by

Secretary of State Mike Pompeo for "faith-based media only."

## PARTIES

3.      Plaintiff Reporters Committee is an unincorporated nonprofit association of reporters and editors dedicated to preserving the First Amendment's guarantee of a free press and vindicating the rights of the news media and the public to access government records.  The Reporters Committee is located at 1156 15th Street NW, Suite 1020, Washington, DC 20005.

4.      Defendant United States Department of State is an agency of the federal government within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702 that has possession, custody, and/or control of records that Plaintiff seeks.  The State Department is headquartered at 2201 C Street NW, Washington, DC 20520.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this matter and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

### Background

7.      On or about March 18, 2019, CNN reported that Secretary Pompeo had held a telephone briefing that evening to discuss "international religious freedom" (hereinafter, the "March 18 Briefing").  Michelle Kosinki & Jennifer Hansler, *State Department Bars Press Corps from Pompeo Briefing, Won't Release List of Attendees*, CNN (March 18, 2019, 10:21PM), *archived at* https://perma.cc/8JVH-LWAH.  A true and correct copy of CNN's article (as updated on March 19, 2019, *archived at* https://perma.cc/R2UM-6XP4) is attached hereto as Exhibit 1.

8.     Per CNN's reporting, members of the State Department press corps were excluded from the Secretary's March 18 Briefing; only "faith-based media" were allowed to join.  *Id.*

9.     CNN reported that one member of the State Department press corps was initially invited to the March 18 Briefing, only to be un-invited after RSVPing.  *See* Ex. 1.  That reporter was reportedly told that the call was for "faith-based media only."  *Id.*  CNN asked to be included in the March 18 Briefing, but received no reply.  *Id.*

10.    CNN further reported that, despite repeated inquiries from members of the press corps based at the State Department, Defendant stated that it would not provide a transcript of the March 18 Briefing, a list of faith-based media outlets who were allowed to participate, or the criteria used by the State Department for determining what media outlets would be invited.  *Id.*

11.    Former State Department spokesperson John Kirby reportedly stated regarding the March 18 Briefing that "it is typical practice that any on the record interview in which a Cabinet official participates is transcribed and published at the earliest appropriate opportunity."  *Id.*

12.    According to Religion News Service, which participated in and asked questions of the Secretary during the March 18 Briefing, questions were also asked by the "Jewish Telegraphic Agency, Algemeiner, World Magazine, and The Leaven[,] the newspaper of the Roman Catholic Archdiocese of Kansas City in Kansas"; "America Magazine also participated in the call."  Emily McFarlan Miller, *Pompeo: All Faiths will have 'Something to Say' on Forthcoming Peace Plan*, Religion News Service (Mar. 19, 2019), *archived at* https://perma.cc/DYF6-5QE9.[1]  A true and correct copy of Religion News Service's March 19, 2019 article about the March 18 Briefing is attached hereto as Exhibit 2.

---

[1] Religion News Service identifies itself as "a secular news service that covers religion, spirituality and ethics."  *Id.*

13.     Religion News Service reported that during the March 18 Briefing the Secretary "defended [the State D]epartment's decision to drop the word 'occupation' from its description of the Golan Heights and Palestinian territories and said people of all faiths will have 'something to say' about the Israeli-Palestinian peace plan the White House is expected to announce after Israel's elections in two weeks." Ex. 2. Secretary Pompeo further stated during the March 18 Briefing that for his then-upcoming trip to Beirut, Jerusalem, and Kuwait City, the State Department would be "very focused on not only the security aspects of the relationship between our countries and the economic aspect but also the challenges we face from radical Islamic terrorism in the region and working to promote religious tolerance in each of those places as well." *Id.*

### Plaintiff's FOIA Request

14.     On March 19, 2019, RCFP submitted a FOIA request to the State Department via fax (the "RCFP Request"). A true and correct copy of the RCFP Request is attached hereto as Exhibit 3 and is incorporated by reference.

12.     The RCFP Request asked for the following records:

- Any transcripts, readouts, audio recordings, or other records that capture the substance of the March 18, 2019 call on "international religious freedom," in which Secretary Pompeo participated;

- Any and all emails or other forms of communication inviting individuals or organizations to join or participate in the March 18, 2019 call on "international religious freedom," in which Secretary Pompeo participated;

- Any and all records setting forth the criteria or selection process for inviting individuals or organizations to join or participate in the March 18, 2019 call on "international religious freedom," in which Secretary Pompeo participated.

Ex. 3.

15.     The RCFP Request included a request for a fee benefit as a representative of the

news media. Ex. 3.

16.     As of the filing of this Complaint, it has been 120 days since the RCFP Request was submitted. RCFP has not received a determination, or any communication, from the State Department regarding the RCFP Request.

## CAUSES OF ACTION

### Count I: Violation of FOIA for Failure to Comply with Statutory Deadlines

17.     Plaintiff repeats and re-alleges paragraphs 1–16.

18.     Defendant is an agency subject to FOIA.

19.     By the RCFP Request, Plaintiff properly asked for records within the possession, custody and/or control of Defendant.

20.     The RCFP Request complied with all applicable regulations regarding the submission of FOIA requests.

21.     Defendant failed to make a determination with respect to the RCFP Request within the statutory deadlines as required by FOIA. 5 U.S.C. § 552(a)(6)(A).

22.     Defendant's failure to make a determination with respect to the RCFP Request within FOIA's statutory deadlines violates Defendant's obligations under FOIA. 5 U.S.C. § 552(a)(6)(A).

23.     Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to the RCFP Request. 5 U.S.C. § 552(a)(6)(C)(i).

### Count II: Violation of FOIA for Improper Withholding of Agency Records

24.     Plaintiff repeats and re-alleges paragraphs 1–16.

25.     Defendant is an agency subject to FOIA.

26.     Through the RCFP Request, Plaintiff properly asked for records within the

possession, custody and/or control of Defendant.

27.     The RCFP Request complied with all applicable regulations regarding the submission of FOIA requests.

28.     Defendant has not released any records or portions thereof in response to the RCFP Request

29.     Defendant has not cited any exemptions to withhold records or portions thereof that are responsive to the RCFP Request.

30.     Defendant has not identified whether or how disclosure of each of the records or portions thereof sought by the RCFP Request would foreseeably harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8)(A).

31.     Defendant has improperly withheld records responsive to the RCFP Request in violation of FOIA.  5 U.S.C. § 552(a)(3)(A).

32.     Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to the RCFP Request.  5 U.S.C. § 552(a)(6)(C)(i).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1) order Defendant to immediately process the RCFP Request;

2) order Defendant to conduct searches to identify all records responsive to the RCFP Request;

3) issue a declaration that Plaintiff is entitled to disclosure of the records sought by the RCFP Request;

4) enjoin Defendant from withholding all records or portions thereof responsive to the RCFP Request that are not specifically exempt from disclosure under FOIA;

5) award Plaintiff reasonable attorney's fees and costs pursuant to 5 U.S.C. §

552(a)(4)(E); and

6) grant all such other relief as the Court may deem just and proper.

Dated:  July 17, 2019

Respectfully submitted,

*/s/ Katie Townsend*
Katie Townsend
DC Bar No. 1026115
Email: ktownsend@rcfp.org
Adam A. Marshall
DC Bar No. 1029423
Email:  amarshall@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310

*Counsel for Plaintiff*
*Reporters Committee for*
*Freedom of the Press*